UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SILAH MUHAMAD,
Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,
Respondents.

Case No.: 3:26-cv-05346-RBM-JLB

**ORDER REQUIRING SUPPLEMENTAL BRIEF**

Before the Court is Petitioner Silah Muhamad's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner argues that his current immigration detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 23–34.) Respondents agree that Petitioner is detained under §1226(a) and argue that Petitioner should be required to exhaust administrative remedies by requesting a bond hearing. (Doc. 4 at 2–3.)

Habeas claims are accompanied by a prudential exhaustion requirement. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.'" *Id.* (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). But a district court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative

remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted). Petitioner bears the burden of showing that exhaustion should be waived. *See Leonardo*, 646 F.3d at 1161.

Here, Petitioner argues that requesting a bond hearing would be futile because "any request for custody redetermination will be dismissed by the Immigration Court for lack of jurisdiction" under the Government's interpretation of § 1225(b)(2) set forth in *Matter of Yajure Hurtado*, 28 I&N Dec. 216 (BIA 2025). (Doc. 1 ¶¶ 13–16.) But as the Ninth Circuit recently confirmed in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and as Respondents concede, Petitioner is detained under § 1226(a), not § 1225(b)(2).

Therefore, Petitioner is **ORDERED** to file a reply explaining why the prudential exhaustion requirement should be excused in his case. The reply shall also include any other relevant information, such as whether Petitioner has already requested a bond hearing in the time since the Petition became fully briefed. Petitioner shall file his reply on or before **October 21, 2026**.

**IT IS SO ORDERED.**

DATE: October 14, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE