UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SILAH MUHAMAD,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,

Respondents.

Case No.: 3:26-cv-05346-RBM-JLB

**SECOND ORDER REQUIRING SUPPLEMENTAL BRIEF**

Before the Court is Petitioner Silah Muhamad's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner argues that his current immigration detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 23–34.) Respondents agree that Petitioner is detained under §1226(a) and argue that Petitioner should be required to exhaust administrative remedies by requesting a bond hearing. (Doc. 4 at 2–3.)

On October 14, 2026, the Court issued an Order requiring Petitioner to file a supplemental brief "explaining why the prudential exhaustion requirement should be excused in his case" and including "any other relevant information, such as whether Petitioner has already requested a bond hearing in the time since the Petition became fully briefed." (Doc. 5 at 2.) The Court ordered Petitioner to "file his reply on or before **October 21, 2026**. (*Id.* (emphasis in original).) As of October 22, 2026, Petitioner has not filed his reply.

The Court again **ORDERS** Petitioner to file a reply in accordance with the directives above and as set forth in its previous Order (Doc. 5). Petitioner **SHALL FILE** his reply on or before **October 26, 2026**. The Court cautions Petitioner that "[a] party may be deemed to have abandoned a claim if he fails to respond to arguments made in an opposition brief." *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 881 (9th Cir. 2022), *overruled on other grounds by Ariz. All. for Retired Americans v. Mayes*, 186 F.4th 622 (9th Cir. 2026).

**IT IS SO ORDERED.**

DATE: October 22, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE