UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILAH MUHAMAD,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,<br>Respondents. | Case No.: 3:26-cv-05346-RBM-JLB<br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Before the Court is Petitioner Silah Muhamad's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his immigration detention. (Doc. 1.) For the reasons below, the Court **GRANTS in part** the Petition.

## I. BACKGROUND

Petitioner, a citizen of The Gambia, entered the United States without inspection on February 7, 2024. (Doc. 4-1 at 3.) On that day, Border Patrol agents encountered him near San Diego, served him with a Notice to Appear, and released him on an Order of Release on Recognizance. (*Id.*) On July 23, 2026, Petitioner was charged with "Driving While License Suspended in the Second Degree, in violation of [Wash. Rev. Code] § 46.20.342(1)(B)." (*Id.*) That charge remains pending. (*Id.*)

On August 26, 2026, Petitioner attended a scheduled ICE check-in, where the officers "informed [Petitioner] that his [Order of Release on Recognizance] was being revoked due to his pending criminal charge." (*Id.*) Petitioner was detained and taken to Otay Mesa Detention Center, where he remains today. (Doc. 1 ¶ 7.)

On September 16, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule the same day. (Doc. 2.) Respondents filed their Response on September 24, 2026. (Doc. 4.) The Court then ordered Petitioner to file a supplemental brief regarding exhaustion. (Docs. 5, 6.) Petitioner filed that supplemental brief on October 26, 2026. (Doc. 7.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 23–34.) Respondents agree that Petitioner is detained under § 1226(a). (Doc. 4 at 2.) Even so, they argue, (1) the Petition is moot because "Petitioner is receiving the relief he is entitled to," and/or (2) the Court should require Petitioner to first exhaust administrative remedies. (*Id.* at 2–3.)

### A. Mootness

"The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson*

*Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always heavy, as a case is not moot where any effective relief may be granted." *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (citation modified). "The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time." *Cortez Trujillo v. Marquardt*, Case No.: 3:26-cv-04665-LEK-MSB, 2026 WL 2906033, at *2 (S.D. Cal. Sept. 25, 2026) (emphasis in original). Therefore, the Court does not find that the Petition is moot.

**B. Exhaustion**

Habeas claims are accompanied by a prudential exhaustion requirement. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Exhaustion is prudentially required where:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.'" *Hernandez*, 872 F.3d at 988 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). But a district court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).

It is undisputed that Petitioner has not yet received a bond hearing. Petitioner argues that the exhaustion requirement should be waived because "[e]ach additional day spent first litigating a bond request before the immigration judge, and then a possible appeal to the Board, extends a detention that should never have begun without a hearing," thereby

constituting irreparable injury. (Doc. 7 at 4–5.) The Court finds "that, in this instance, [requiring] such exhaustion puts form over substance and would unnecessarily delay a remedy that Respondents concede is currently available to Petitioner." *Cortez Trujillo*, 2026 WL 2906033, at *2. Therefore, the Court will order that Petitioner receive a bond hearing.

## IV. CONCLUSION

For the above reasons, the Petition (Doc. 1) is **GRANTED in part**. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge **within seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.
2. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[1] If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.
3. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[2]
4. On or before **November 11, 2026**, Respondents **SHALL FILE** a status report indicating whether Petitioner received a bond hearing, and the outcome of that bond hearing.
5. **If Petitioner is not released on bond after the hearing**, he may file an Amended Petition on or before **November 20, 2026**. The Amended Petition may raise Petitioner's newly proposed due process claim. (*See* Doc. 7 at 5 (arguing for the first time in the supplemental brief that the revocation of Petitioner's Order of

[1] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
[2] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

Release on Recognizance violated due process).) The Court did not reach this claim here because it was not raised in the operative Petition. *See Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (noting that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

**IT IS SO ORDERED.**

DATE: October 28, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE